IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHERI A. BURKS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-09-069-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

**OPINION AND ORDER**

Plaintiff Cheri A. Burks (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 15, 1966 and was 41 years old at the time of the ALJ's latest decision. She completed her high school education. Claimant has engaged in past relevant work as an aircraft mechanic and convenience store clerk. Claimant alleges an inability to work beginning August 30, 2000 due to Type I diabetes,

3

hypoglycemia, diabetic retinopathy, circulation problems, trigger finger, carpal tunnel syndrome, nerve damage, frozen shoulder syndrome, right ear deafness, and bipolar disorder.

## Procedural History

On March 27, 2003, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income under Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's applications for benefits were denied initially and upon reconsideration. On February 9, 2005, the ALJ found Claimant was not disabled at any time through the date of the decision. The Appeals Council denied Claimant's request for review. Thereafter, Claimant appealed to the United States District Court for the Northern District of Oklahoma, which reversed the ALJ's decision and remanded the case for further proceedings.

On remand, a hearing was held before ALJ Gene M. Kelly on May 15, 2007. By decision dated June 11, 2007, the ALJ again determined Claimant was not disabled during the relevant period. The Appeals Council declined to review the decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to engage in a proper analysis at step five of the sequential evaluation; and (2) failing to engage in a proper credibility determination.

## Step Five Evaluation

Claimant contends the ALJ's analysis at step five was flawed since the ALJ provided a hypothetical to the vocational expert which did not consider all of Claimant's impairments. In particular, Claimant asserts that ALJ's questions did not include restrictions upon her range of motion, ability to reach, grip strength, and dexterity.

Claimant underwent a consultative examination on September 28, 2004 with Dr. Subramaniam Krishnamurthi. Claimant's range of motion on her various joints was found to be within the normal range except for her shoulder joints. Forward elevation, abduction, adduction, external rotation, and internal rotation were reduced bilaterally, right greater than left. Claimant gave a

5

history of right frozen shoulder for the past two years. She was not able to raise her shoulders and stated she could not lift a gallon of milk. In this regard, Claimant was diagnosed with degenerative arthritis in both shoulders and possibly frozen shoulders. (Tr. 321-22).

On August 21, 2003, a Residual Physical Functional Capacity Assessment form was completed on Claimant. Claimant's right shoulder abducted and flexed to 70 degrees. (Tr. 224). Claimant was limited in reaching in all directions, including overhead. (Tr. 225). On September 28, 2004, a Physical Medical Source Statement was prepared which restricted Claimant to only occasional reaching. (Tr. 327).

In his initial questioning of the vocational expert, the ALJ restricted his hypothetical to jobs which required "no reaching overhead with the right upper extremity." (Tr. 546). The ALJ's second hypothetical involved "[n]o reach over shoulder level." (Tr. 549). In his decision, the ALJ adopted the vocational expert opinion that Claimant could perform the jobs of clerical mailer and semi-conductor assembler. (Tr. 431).

The Dictionary of Occupational Titles states that the job of semi-conductor assembler requires constant reaching. *See*, DICOT, § 726.687-046. Further, the job of clerical mailer requires

frequent reaching. See, DICOT, § 209.587-010.

Claimant also demonstrated in the medical record reduced grip strength and reduced ability to effectively oppose the thumb to fingertips and manipulate small objects. (Tr. 207, 211). Both of the aforementioned jobs identified by the vocational expert require frequent fingering. Id.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). The ALJ's hypothetical questions posed in this case do not mirror Claimant's restrictions with sufficient precision so that the testimony obtained may be relied upon as substantial evidence for the ALJ's step five finding. The ALJ should have specifically identified the true extent of Claimant's reaching and dexterity restrictions – he did not. The ALJ's omission is apparent in the vocational expert's conclusions that Claimant could perform jobs that include work-related activities which do not accommodate Claimant's impairments. On remand, the ALJ should rectify this deficiency.

Additionally, Claimant states the ALJ ignored the vocational

experts answers when asked about the effect of a GAF of 40 upon the prospects for employment. Claimant was found to have a GAF of 40. (Tr. 203). The ALJ asked the vocational expert if an individual with this score would "have a difficult time with respect to sustaining full-time employment." The vocational expert responded that such an individual would be "unable to maintain employment." (Tr. 553-54). The ALJ fails to explain his apparent rejection of this opinion in his decision. On remand, the ALJ shall re-evaluate the effect of Claimant's GAF upon his ability to maintain employment.

**Credibility Evaluation**

Claimant next challenges the ALJ's conclusion that some of Claimant's allegations of limitations were not credible. (Tr. 429). The ALJ discounted Claimant's position by "assuming" that some of Claimant's problems were attributable to "her cavalier attitude towards her diabetic compliance." (Tr. 429). This Court finds no authority for an ALJ to make such an assumption. The ALJ was also critical of Claimant's "forgetfulness" about medical compliance - in particular, the ALJ determined Claimant's pain was not severe or she would not forget her pain medication. In reviewing the impact of a claimant's failure to undertake treatment on a determination of disability, four elements are considered: (1)

8

whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse. <u>Weakley v. Heckler</u>, 795 F.2d 64, 66 (10th Cir. 1986). This Court perceives "forgetfulness" is not a basis for rejecting a claimant's credibility on pain. On remand, the ALJ shall re-evaluate Claimant's credibility in light of the totality of the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 31st day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE